## CIRCUIT COURT OF LOUDOUN COUNTY

Kailash N. Agarwal

v.

Jyoti P. Das

December 6, 2000

Case No. (Law) 23940

BY JUDGE JAMES H. CHAMBLIN

After the argument of counsel on December 1, 2000, I took under advisement the plaintiff's Motion for Partial Summary Judgment. For the reasons that follow, the motion is granted.

On October 24, 2000, counsel for the plaintiff served by facsimile upon the defendant's counsel a First Request for Admissions. Under Rules 4:11, 1:7, and 1:12 of the Supreme Court of Virginia, the defendant was required to respond within twenty-two days after service. As of the time of argument on December 1, 2000, the defendant had not responded to the Request for Admissions. On November 22, 2000, the plaintiff filed his motion based upon the defendant's failure to respond to the Request for Admissions.

Counsel for the defendant did not contest the receipt by another attorney in his firm of the First Request for Admissions on October 24, 2000. That attorney left on military leave and counsel for the defendant did not discover the Request for Admissions in the file until the plaintiff filed his motion. Counsel for the defendant filed no motions seeking any relief because of the failure to timely respond to the Request for Admissions.

The defendant filed a Motion to Dismiss and a Demurrer on November 20, 2000, two days before the plaintiff filed his Motion for Partial Summary Judgment. Therefore, there is, at least, an inference that counsel for the

defendant actually knew of the Request for Admissions before the plaintiff filed his motion on November 22, 2000. It would certainly be good practice for counsel to look at all the pleadings and discovery in the file before preparing any motions or other pleadings. Once it was determined that the Request for Admissions had not been responded to as required by Rule 4:11, counsel for the defendant should have taken some affirmative steps to rectify the problem, if possible. Here counsel for the defendant did nothing other than come to court and argue that another attorney in the firm handling the case went on military leave. Further, he never represented to the Court the defendant's position on the facts as set forth in the Request for Admissions.

The defendant has not offered a sufficient reason to avoid having the facts as set forth in the First Request for Admissions deemed admitted for failure to timely respond as required by Rule 4:11. All attorneys in a law firm are chargeable with the knowledge of what is received by the firm, what is in the firm's files, and what is known by the other members of the firm.

As a result of the factual admissions, the plaintiff is entitled to the judgment prayed for in Count II (Action on Bad Check) of the Amended Motion for Judgment.

Counsel for the plaintiff indicated at argument on December 1, 2000, that, if this motion were granted, then the plaintiff would not seek the statutory damages claimed in Count II and would nonsuit Counts I and III.

Let Mr. Hyland prepare the final judgment order consistent herewith (including the waiver of statutory damages in Count II and the nonsuit of Counts I and III), to which Mr. Grubb may note his exceptions.